UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DWAYNE FERGUSON,

                Petitioner,

v.                                          **DECISION AND ORDER**
                                                      14-CV-71S
UNITED STATES OF AMERICA,             11-CR-219S

                Respondent.

## I. INTRODUCTION

Presently before this Court is *pro se* Petitioner Dwayne Ferguson's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, and his Motion for a Hearing. For the reasons discussed below, Ferguson's motions are denied.

## II. BACKGROUND

On August 3, 2011, Ferguson appeared before this Court and pled guilty to a single count Information charging a violation of 18 U.S.C. § 1343 (wire fraud). (See Docket No. 6.) In the plea agreement, Ferguson agreed that his maximum possible sentence by statute was a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least two years and up to three years. (Plea Agreement, Docket No. 3, ¶ 1.) Ferguson further agreed that for purposes of the Sentencing Guidelines, he had a total offense level of 20 and a criminal history category of IV, which resulted in a Guidelines sentencing range of 51 to 63 months imprisonment, a fine of $7,500 to $75,000, and a term of supervised release of two to three years. (Plea Agreement, ¶¶ 10-12.)

1

Ferguson reserved his right to request a sentence outside of the Guidelines range and waived his right to "appeal and collaterally attack any component of a sentence imposed by the Court" within the Guidelines range. (Plea Agreement, ¶ 18.) Ferguson further acknowledged his understanding "that by agreeing to not collaterally attack the sentence, [he was] waiving the right to challenge the sentence in the event that in the future [he became] aware of previously unknown facts or a change in the law which [he] believes would justify a decrease in [his] sentence." (Plea Agreement, ¶ 19.)

On August 6, 2012, this Court sentenced Ferguson to a 48-month term of imprisonment, a 3-year term of supervised release, and no fine. (Docket No. 32.) This sentence is below the Guidelines sentencing range of 51 to 63 months set forth in the plea agreement and the term of supervised release is within the range.

Ferguson subsequently filed a Notice of Appeal on August 13, 2012, and the instant Motion to Vacate Set Aside, or Correct his Sentence on February 4, 2014. (Docket Nos. 34, 43.) On November 6, 2014, the United States Court of Appeals for the Second Circuit dismissed Ferguson's appeal and affirmed his conviction and sentence. See United States v. Ferguson, 590 Fed. Appx. 41 (2d Cir. 2014).

### III. DISCUSSION

**A.     Ferguson's § 2255 Motion**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)). The petitioner bears the burden of proving such a fundamental defect. See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)).

Ferguson lodges a number of challenges in his motion. First, he argues that the loss calculation was incorrect. Second, he argues that his criminal history category was miscalculated. Third, he argues that this Court erred in imposing a consecutive sentence. Fourth, he argues that the government impermissibly used information from his proffer session against him. And finally, Ferguson argues that each of these errors is attributable to his counsel's ineffectiveness.

**B.    Waiver**

As indicated above, Ferguson waived his right to "appeal and collaterally attack any component of a sentence imposed by the Court" within the Guidelines range. (Plea Agreement, ¶ 18.) It is by now well established that a knowing and voluntary waiver made as part of a plea agreement is generally enforceable. United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001). "An enforceable waiver bars claims based on grounds that arose after, as well

as before, the [plea] agreement was signed." Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005).

Here, it is undisputed that Petitioner's 48-month sentence of imprisonment fell below the 51 to 63 month agreed upon Guidelines range. Ferguson's waiver of rights is therefore enforceable. As a result, each of Ferguson's claims that are not based on ineffective assistance of counsel (his first four claims) is dismissed as barred by the waiver provision of Ferguson's plea agreement.

A second source of waiver also applies: "[T]he trial court is 'barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals.'" United States v. Minicone, 994 F.2d 86, 89 (2d Cir. 1993) (quoting United States v. Uccio, 940 F.2d 753, 757 (2d Cir. 1991)). Here, the Second Circuit rejected Ferguson's challenges to the loss determination in an unpublished Order. See Ferguson, 590 Fed. Appx. 41, n.1 (2d Cir. 2014)(referring to the court's March 28, 2014 Order in which it dismissed Ferguson's challenge to the calculation of the intended loss attributable to his crimes as barred by the waiver of appellate rights contained in the plea agreement). It also rejected Ferguson's challenge to this Court's imposition of his sentence consecutively to his undischarged state sentence. See Ferguson, 590 Appx 41. Consequently, because the Second Circuit has already considered and rejected these issues, Ferguson is "barred from re-litigating them here." United States v. Sykes, No. 05-CR-6057 CJS, 2011 WL 282356, at *5 (W.D.N.Y. Jan. 26, 2011) (citing United States v. Pitcher, 559 F.3d 120, 124 (2d Cir. 2009); Yick Man Mui v. United States, 614 F.3d 50, 55 (2d Cir. 2010) ("a Section 2255 petitioner may not re-litigate questions which were raised and considered on direct appeal") (citation and internal quotation

marks omitted)).[1]

It is not apparent, however, whether Ferguson raised his challenges to his criminal history calculation and his arguments concerning the improper use of proffer information in his direct appeal.  If he did, the Second Circuit implicitly rejected them and they are barred for the reasons stated above.  If he did not, the claims are nonetheless barred, unless Ferguson can show cause as to why he failed to raise the issues in his direct appeal and resulting prejudice, or show actual innocence, neither of which he has done.  Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005) (Section 2255 movant who fails to raise issue on direct appeal procedurally forfeits his claim, unless he shows "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence.") (citation omitted); Yick Man Mui, 614 F.3d at 54 ("A second rule that applies in the section 2255 context prevents claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice.") (citation omitted); cf. Graziano, 83 F.3d at 590 ("Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional or jurisdictional, . . . absent a complete miscarriage of justice, such claims will not be considered on a §2255 motion where the defendant failed to raise them on direct appeal.")

Accordingly, for the reasons stated above, this Court finds that Ferguson has waived each of his claims not involving the ineffective assistance of counsel.

---

[1] Even if Ferguson's arguments vary slightly from his direct appeal, they are nevertheless barred.  "The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  Yick Man Mui, 614 F.3d at 53 (citation omitted).

## C.   Ineffective Assistance of Counsel

Ferguson's ineffective-assistance-of-counsel claims are not necessarily barred by the waivers above, because "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002), *cert. denied*, 537 U.S. 1146 (2003); El Saleh v. United States, 13-CV-1567 (DLI), 2016 WL 4734601, at *3 (E.D.N.Y. Sept. 9, 2016) ("[A] defendant cannot be bound by an appeal waiver if the decision to enter a plea agreement was the product of counsel's ineffective assistance") (citing Hernandez, 242 F.3d at 114)).

Rather, "[a]n ineffective assistance of counsel claim survives the guilty plea or the appeal waiver *only* where the claim concerns the advice the defendant received from counsel." Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008) (emphasis added). This is because, if a petitioner challenges counsel's effectiveness in connection with the plea agreement itself, he is in essence challenging the constitutionality of the process by which he waived his right to collaterally attack the sentence, and his claim therefore survives the waiver. Id. ("although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."); see also El Saleh, 2016 WL 4734601, at *3 ("[W]here an attorney's ineffective assistance caused a defendant to agree to a waiver, a court must look past the waiver and examine the underlying merits of the ineffective assistance claim."). In short, ineffective-assistance-

of-counsel claims that affect the plea process survive the waiver, and those that do not, do not. See id. at *5.

Here, even construing Ferguson's *pro se* arguments liberally, as this Court must, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. Jan. 26, 1999) (per curiam), none of his ineffective-assistance-of-counsel claims survive the plea waiver, because none of them affect the plea process. See Docket No. 43-1 ("[P]etitioner humbly contends that counsel [sic] failure to provide the effective assistance of counsel relevant [sic] to the sentencing proceeding . . . deprived petitioner of his constitutional right to the effective assistance of counsel . . . ).

Each component of Ferguson's ineffectiveness claim is directed to the sentencing phase: (1) that counsel failed to properly investigate and include documentary proof of a lower loss amount in his sentencing memorandum; (2) that counsel failed to investigate and adequately challenge Ferguson's criminal history calculation; (3) that counsel failed to persuasively advocate for the imposition of a sentence to run concurrently to Ferguson's undischarged state sentence; and (4) that counsel failed to challenge the government's inclusion of information allegedly learned during a proffer session in the calculation of relevant conduct for sentencing purposes.

Because none of these claims challenge the constitutionality of the process by which Ferguson waived his right to collaterally attack the sentence, this Court finds that they are barred by the waiver provisions of his plea agreement. Parisi, 529 F.3d at 138-39; see also United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) ("[D]efendant claims that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing. We emphatically reject this

contention."); United States v. Jimenez, 106 F. App'x 92, 93 (2d Cir. 2004) (citing United States v. Monzon, 359 F.3d 110, 118 (2d Cir. 2004) ("[A] claim of ineffective assistance is waived when . . . it attacks the sentence itself and not the underlying plea agreement that supported the sentence.")

**D.    Evidentiary Hearing**

In both his § 2255 petition and in a separately filed motion (Docket No. 75), Ferguson requests an evidentiary hearing to resolve alleged factual issues concerning his claims.

Section 2255 provides that a court shall hold an evidentiary hearing "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255). Rule 4(b) of the Rules Governing Section 2255 Proceedings also provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 28 U.S.C. § 2255. And on this issue, the Second Circuit has made clear that "[t]o warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000)).

Here, this Court determines that no evidentiary hearing is warranted, because Ferguson's motion and the record conclusively demonstrate that he is entitled to no

relief under § 2255, as thoroughly discussed above.

**E.    Certificate of Appealability**

For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert. denied*, 538 U.S. 950 (2003). Ferguson has made no such substantial showing of the denial of a constitutional right in this case.

### IV. CONCLUSION

For the reasons stated above, Ferguson's Motion to Vacate, Set Aside or Correct his Sentence and his Motion for Hearing are denied. If Ferguson wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

### V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 43) is DENIED.

FURTHER, that Petitioner's Motion for Hearing (Docket No. 75) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to CLOSE 14-CV-71S.

SO ORDERED.

Dated:	September 17, 2016
	Buffalo, New York


	 /s/William M. Skretny
	WILLIAM M. SKRETNY
	United States District Judge